UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TAYLOR THREEFEATHERS
BLACKHAWK

                      Plaintiff,

  -against-                                   9:20-CV-0241 (LEK/TWD)

K. HUGHES,

                      Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.**    **INTRODUCTION**

Plaintiff Taylor Threefeathers Blackhawk brought this pro se action pursuant to 42 U.S.C. § 1983 against Defendant K. Hughes, a sergeant within the New York State Department of Corrections and Community Supervision ("DOCCS"). See generally Dkt. No. 1 ("Complaint"). Plaintiff alleges Defendant violated his First Amendment right to freely exercise his religion during his incarceration at Washington Correctional Facility ("Washington C.F."). Id. at 1. Specifically, Plaintiff asserts he was denied the "right to pray in the form of Native American smudging twice per day at correct times." Id. at 8.

Now before the Court is: (1) a report-recommendation issued by the Hon. Thérèse Wiley Dancks, Dkt. No. 39 ("Report-Recommendation"), denying Defendant's motion for summary judgment, Dkt. No. 29 ("Defendant's Motion"); and (2) Plaintiff's appeal, Dkt. No. 23 ("Appeal"), of a June 16, 2020 text order issued by Judge Dancks, Dkt. No. 18 ("June Order").

For the reasons discussed below, the Court adopts the Report-Recommendation and affirms in part and reverses in part the June Order.

## II. BACKGROUND

### A. Procedural History

Plaintiff filed his Complaint on March 4, 2020. See Docket. Plaintiff also filed a motion for leave to proceed in forma pauperis, Dkt. No. 2, which was granted on March 27, 2020, Dkt. No. 4.

On May 11, 2020, Plaintiff submitted a letter requesting personal service upon Defendant. Dkt. No. 9 ("Service Request"). On May 13, 2020, Plaintiff moved for summary judgment. Dkt. No. 10 ("Plaintiff's Motion"). On May 29, 2020, the Clerk re-issued a summons addressed to Defendant. Dkt. No. 16. Accordingly, Judge Dancks denied the Service Request as moot on June 16, 2020. See June Order. The June Order also denied Plaintiff's Motion as premature. See id. On June 24, 2020, Defendant's counsel acknowledged service. Dkt. No. 19. On June 29, 2020, Plaintiff appealed from the June Order. See generally Appeal.

On July 21, 2020, Defendant moved for summary judgment on exhaustion grounds. See generally Mot. Though Plaintiff failed to oppose Defendant's Motion, see Docket, Judge Dancks recommended denying the Motion on January 19, 2021. See generally Report-Recommendation.

### B. Factual Allegations

Plaintiff's factual allegations are summarized in the Report-Recommendation, familiarity with which is assumed. See generally Report-Recommendation.

## III. STANDARD OF REVIEW

### A. Review of a Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's

2

report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 WL 950229, at *2 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### B. Appeal of a Magistrate Judge's Decision

A district judge may modify a magistrate judge's non-dispositive pre-trial order only if it is "clearly erroneous" or "contrary to law." Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) (citing Fed. R. Civ. P. 72(a)). "Under the clearly erroneous standard of review, a district judge may reverse a magistrate's finding only if it is left with definite and firm conviction that a mistake has been committed . . . . Similarly, under the contrary to law standard of review, a district court may reverse a finding only if it finds that the magistrate fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." Moore v. Publicis Groupe SA, No. 11-CV-1279, 2012 U.S. Dist. LEXIS 19857, 2012 WL 517207, at *1 (S.D.N.Y. Feb. 14, 2012) (internal citations and quotation marks omitted). Dispositive matters, on the other hand, are reviewed de novo. See Moss v. Enlarged Sch. Dist., 166 F. Supp. 2d 668,

3

670 (N.D.N.Y. 2001) (Kahn, J.).

IV.     DISCUSSION

    A.  Report-Recommendation

No objections were filed to the Report-Recommendation. See Docket. Accordingly, the Court reviews the Report-Recommendation only for clear error and finds none. See Barnes, 2013 WL 1121353, at *1. Therefore, the Court adopts the Report-Recommendation in its entirety.

    B.  Appeal of the June Order

        *1. Service of Process*

In the Appeal, Plaintiff seeks an order directing personal service on Defendant. See Appeal at 4. Plaintiff filed the Appeal after Defendant was served but before an acknowledgment of service was filed with the Court. See Dkt. No. 19. The Court finds no clear error in the June Order's denial of Plaintiff's Service Request as moot. Accordingly, the June Order is affirmed to the extent it denies Plaintiff's Service Request.

        *2. Summary Judgment*

The Court reaches a different conclusion with respect to the portion of the June Order that denied Plaintiff's Motion. Because Plaintiff's Motion is dispositive, and because Plaintiff properly objected, the Court applies de novo review. See Fed. R. Civ. P. 72(b)(3).

Plaintiff argues that the magistrate judge did not have the authority to resolve Plaintiff's Motion. See Appeal at 3. "While magistrate judges may consider dispositive matters, they can only recommend a disposition to the district court." McKee v. Cont'l Cas. Co., No. 04-CV-1417, 2006 U.S. Dist. LEXIS 108922, at *8 (N.D.N.Y. Feb. 2, 2006) (citing 28 U.S.C. §

636(b)(1)(A)–(B)); see also § 636(b)(1)(B) (noting that "a judge may also designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and *recommendations for the disposition , by a judge of the court*, of any motion excepted in subparagraph (A)," such as motions for summary judgment) (emphasis added).; Fed. R. Civ. P. 72(b)(1) (noting that, for dispositive motions, a "magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact").

The June Order denied Plaintiff's Motion as premature instead of recommending a disposition. See June Order. Because the outright denial of Plaintiff's Motion exceeded the statutory authority afforded to a magistrate judge, see § 636(b)(1)(A)–(B), the Court reverses that portion of the June Order. Plaintiff shall be given the option to either submit a renewed motion for summary judgment or to have his original motion considered anew. The magistrate judge is directed to issue a report-recommendation once Plaintiff has elected how he wishes to proceed.

**V.     CONCLUSION**

Accordingly, it is hereby:

**ORDERED,** that the Report-Recommendation (Dkt. No. 39) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED,** that Defendant's motion for summary judgment (Dkt. No. 29) is **DENIED**; and it is further

**ORDERED,** that the June Order (Dkt. No. 18) is **AFFIRMED in part and REVERSED in part**. The June Order is affirmed to the extent it denied Plaintiff's Service Request (Dkt. No. 9) and reversed to the extent it denied Plaintiff's motion for summary

judgment (Dkt. No. 10); and it is further

**ORDERED,** that Plaintiff's Appeal (Dkt. No. 23) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED,** that the Clerk is directed to serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	February 26, 2021
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge